J-S29023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GREGORY ALLEN KOONS | |
| Appellant | No. 1383 WDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000519-2013

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 21, 2016**

Appellant, Gregory Allen Koons, appeals from the judgment of sentence entered following his conviction for failure to comply with the sexual offender registration requirements under Pennsylvania's Sex Offender Registration and Notification Act (SORNA).[1] After review, we are constrained to reverse the judgment of sentence and order Koons discharged.

The relevant factual and procedural history is as follows. In November 1991, a New York state court convicted Koons of attempted rape in the first degree.[2] After Koons was released from New York state prison in 1996, he

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9799.10-9799.41.

[2] N.Y. Penal Law §§ 110.00, 130.35(2).

was advised of his duty to register as a sexual offender in New York for 10 years. Koons timely registered with the New York State Sex Offender Registry and kept his registration up to date until his registration requirement expired in 2006. Koons later moved from New York to Pennsylvania.

It is undisputed that by virtue of his prior sex-related conviction in New York, Koons was, and remains, subject to the registration requirements of Pennsylvania's SORNA. Under SORNA, Koons was required to register as a sexual offender in Pennsylvania upon moving to the state.[3] Koons failed to do so. Pennsylvania State Police eventually discovered that Koons was not registered. Consequently, in June 2013, Koons was arrested and charged with violating 18 Pa.C.S.A. § 4915.1(a)(1).[4] This statutory provision states as follows.

> (a) Offense defined.--An individual who is subject to registration under 42 Pa.C.S.[A.] § 9799.13 (relating to applicability) commits an offense if he **knowingly** fails to:
>
> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S.[A.] § 9799.15 (relating to period of registration),

_____

[3] Koons's New York offense is similar to 18 Pa.C.S.A. § 3121(a)(3). Consequently, under Pennsylvania law, Koons was required to register as a sexual offender for life. **See** 42 Pa.C.S.A. §§ 9799.14(d)(2), 9799.15(a)(3).

[4] Koons was initially charged with violating 18 Pa.C.S.A. § 4915(a)(1); however, the complaint was later amended to reflect the updated version of the statute, 18 Pa.C.S.A. § 4915.1(a)(1).

9799.19 (relating to initial registration) or 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police);

18 Pa.C.S.A. § 4915.1(a)(1) (emphasis added).

A jury convicted Koons of violating section 4915.1(a)(1). Thereafter, the trial court sentenced Koons to 3 to 6 years' imprisonment. Koons's post-sentence motion was denied. This timely appeal followed.

On appeal, Koons raises three issues for our review. In his first issue, Koons challenges the sufficiency of the Commonwealth's evidence. In his second issue, Koons asserts that his conviction was against the weight of the evidence. In his third issue, Koons argues that the trial court erred in admitting his Certificate of Conviction from New York State into evidence.

We will first address Koons's challenge to the sufficiency of the Commonwealth's evidence. Koons does not challenge the fact that, under current Pennsylvania law, he had a duty to register as a sexual offender upon moving to Pennsylvania. Instead, Koons argues that his conviction cannot stand because the Commonwealth did not prove that he "knowingly" failed to register. *See* Appellant's Brief, at 11-13.

We review sufficiency claims as follows.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so

weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Reynolds*, 835 A.2d 720, 725-726 (Pa. Super. 2003)

(citation and brackets omitted).

Section 302(b)(2) of the Crimes Code defines "knowingly" as follows:

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant  circumstances, he is **aware** that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is **aware** that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(2)(i)-(ii) (emphasis added).

The Commonwealth claims that it presented sufficient evidence to sustain Koons's conviction by showing that in 1996, Koons signed a New York Sex Offender Registration Form. **See** Appellee's Brief, at 6-8. According to the Commonwealth, Koons signed this form after his parole officer, John Sobel, advised him of his duty to register as sexual offender in New York. **See id**. The Commonwealth argues that this evidence was sufficient to support the jury's conclusion that Koons knew of his duty to register in

Pennsylvania, yet chose not to do so. *See id*. We, however, find this evidence to be woefully inadequate.

Even in viewing the evidence presented at trial in the light most favorable to the Commonwealth, we cannot discern a single piece of evidence showing that Koons was aware of his duty to register as a sexual offender in Pennsylvania. The only document admitted at trial relating to his duty to register was the New York State Sex Offender Registration Form that he signed in 1996, which simply stated that he was required to register as a sexual offender in New York for 10 years. *See* N.T., Trial, 2/10/15, at 34-35, 37. The form made no mention of his duty to register in another state should he move. *See id*., at 38-39. As noted, the New York mandate ended in 2006, before he moved to Pennsylvania. Moreover, although Sobel testified that he read Koons the registration requirements listed on the form, Sobel did not testify that he advised Koons of his duty to register in another state should he move. *See id*.

Because we find that the evidence presented was insufficient to show that Koons possessed actual knowledge of his obligation to register in Pennsylvania, Koons could not have "knowingly" violated section 4915.1(a)(1). Accordingly, we must reverse the judgment of sentence.[5]

---

[5] Our disposition renders it unnecessary to address the remaining two issues.

Nevertheless, it should now be abundantly clear that Koons has a duty to register as sexual offender in Pennsylvania for the remainder of his life.

Judgment of sentence reversed. Appellant discharged. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2016